**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: | |
| | CASE NO.: 21-10064 |
| **BAYOU BYWATER LIVING, LLC** | Jointly Administered with |
| **WEBSTER STREET HOLDINGS, LLC** | CASE NO.: 21-10065 |
| **RELDS, LLC** | CASE NO.: 21-10204 |
| **SOUTH CLAIBORNE HOLDINGS, LLC** | CASE NO.: 21-10205 |
| **GERARD McGOVERN** | CASE NO.: 21-11033 |
| DEBTORS | SECTION "A" |
| | CHAPTER 7 |

---

**CARROLLTON & OAK, LLC**

    Plaintiff

VS                                                                    **ADVERSARY NO.:**

**GERARD MCGOVERN**

    Defendant

---

**COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBT PURSUANT TO §523 OF THE BANKRUPTCY CODE AND FOR ENTRY OF MONEY JUDGMENT**

**NOW INTO COURT**, through undersigned counsel, comes Carrollton & Oak, LLC ("C&O" or "Plaintiff"), creditor herein, which files this Complaint against Gerard McGovern ("Defendant" or "Debtor"), objecting to the dischargeability of his debt pursuant to 11 U.S.C. §523 of the Bankruptcy Code and seeking entry of a money judgment. In support, the Plaintiff respectfully represents as follows:

1

## JURISDICTION AND VENUE

1. This is an adversary proceeding, pursuant to Federal Rule of Bankruptcy Procedure Rule 7001 and 11 U.S.C. §523(a)(4) and §523(a)(6), seeking a determination as to the dischargeability of the debt owed by the Debtor to the Plaintiff.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 and Bankruptcy Code §523.

3. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

4. Venue is proper in this district pursuant to 11 U.S.C. §1409(a).

## PARTIES

5. The Plaintiff is a limited liability company with its principal place of business in the State of Louisiana.

6. The Plaintiff is a creditor of the Debtor.

7. The Defendant is the Debtor in the above captioned case and resides at 2718 State Street, New Orleans, Louisiana.

## BACKGROUND

8. The Defendant maintained that he was the 100% owner of Bayou Bywater Living, LLC ("BBL"), Webster Street Holdings, LLC ("WSH"), RELDS, LLC ("RELDS"), South Claiborne Holdings, LLC ("SCH"), and South Johnson Street Holdings, LLC ("SJS"), and a 50% owner of Carrollton & Oak, LLC, Plaintiff herein. BBL and WSH each filed a voluntary petition under Chapter 7 of the Bankruptcy Code on January 19, 2021, and RELDS and SCH each filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 18, 2021; all in the United States Bankruptcy Court for the Eastern District of Louisiana.

9. Thereafter, on August 5, 2021, Defendant filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of Louisiana [Case No. 21-11033; Doc. 1].

10. On October 19, 2021, an Order Granting Motion to Convert Case to Chapter 7 [Case No. 21-11033; Doc. 71] and an Order Granting Motion for Order under Bankruptcy Rule 1015(b) Directing Joint Administration of Cases [Case No. 21-11033; Doc. 72] was filed by the Court consolidating McGovern's bankruptcy case with *Bayou Bywater Living, LLC*, Case No. 21-10064, *Webster Street Holding, LLC*, Case No. 21-10065, *Relds, LLC*, Case No. 21-10204, and *South Claiborne Holdings, LLC,* Case No. 21-10205 (collectively, "Bayou") and ordering joint administration of the cases under the lead case *Bayou Bywater Living, LLC*, Case No. 21-10064.

11. The Defendant filed his Schedules and Statement of Financial Affairs on November 1, 2021 and included the debt owed to Plaintiff on Schedule F [Case No 21-11033; Doc. 102].

12. On November 18, 2021, McGovern's duly-noticed meeting of creditors was held pursuant to §341(a) of the Bankruptcy Code.

## **FACTS**

13. Defendant and Nidal Jaber ("Jaber") are each members of the Plaintiff, each owning a 50% interest.

14. On April 24, 2014, Plaintiff entered into a Lease with Option to Purchase (the "Lease") with Tommy Ngo ("Ngo") for Plaintiff to acquire commercial property located at municipal address 1200 South Carrollton Avenue, New Orleans, Louisiana (the "Property").

15. The Lease allowed Plaintiff to operate the Property in the same manner and with the same rights as an owner, except that Plaintiff would not become title owner until such time as it exercised the option to purchase pursuant to the Lease.

16. The Plaintiff maintained a checking account in its own name; the Defendant and Jaber each had shared and equal access to the account (the "Account").

17. When the Lease was acquired, the Property had 8 tenants, including: a nail salon, a restaurant, and six apartments. The Lease had been valued at $2,400,000 prior to acts of mismanagement, fraud, and embezzlement as alleged herein by Defendant while he was supposedly managing the Property.

18. The Property was managed by Jaber following execution of the Lease until such time as Jaber traveled out of the country for an extended period of time.

19. While Jaber was out of the country, the Property was to be managed by the Defendant. When Jaber returned, the Defendant refused to relinquish sole management and refused to cooperate or consult with Jaber with respect to management of the Property.

20. The Defendant purported to manage the Property from mid-2014 through April 22, 2021, when Defendant was finally removed as manager by an Order entered in a state court proceeding.

21. The Defendant was responsible for the following duties as the manager of the Property on behalf of the Plaintiff:

   a. manage the commercial building;

   b. collect rents from the tenants;

   c. pay the bills of Plaintiff, including but not limited to, the amounts due Mr. Ngo under the Lease, all taxes, utility bills and assessments related to the property;

   d. maintain the building; and,

   e. handle all of the above as a fiduciary for the Plaintiff, as to which the Defendant was its representative.

22. The Defendant began his purported management of the Property by collecting rent and depositing the proceeds to the Account.

23. Thereafter and early on after assuming his role as manager and refusing to consult or confer with Jaber, the Defendant began to collect the rent from the tenants of the Property and deposit the funds to personal accounts of the Defendant rather than to the Account of Plaintiff[1].

24. Neither Plaintiff nor Jaber had nor have access to the accounts Defendant was using to deposit the rent proceeds.

25. On May 31, 2016, without authority to do so, Defendant removed Jaber as a member of the Plaintiff from the records of the Louisiana Secretary of State. After discovering this, Jaber filed a Petition for Sequestration against the Defendant and the Plaintiff, in the Civil District Court for the Parish of Orleans, State of Louisiana, Case No. 2016-10781, in order to preserve his rights against the Defendant. The purpose of this fraudulent act by Defendant was to permit him to try to sell the Lease without approval or consent of Jaber. A Decree from the Court of Appeals on October 30, 2017 and a Decree from the Louisiana Supreme Court on January 22, 2018 each confirmed that Nidal Jaber could not be unilaterally removed as a member of Carrollton & Oak, LLC.

---

[1] On December 14, 2018, Plaintiff commenced a lawsuit against the Debtor in the Civil District Court for the Parish of Orleans, State of Louisiana, Case No. 2018-12555, Section 6, Division L ("the State Court Suit"). A hearing was held on December 12, 2019, and a Judgment Confirming Default (the "Judgment") was rendered in open court in favor of Plaintiff and against Defendant in the amount of Two Million Two Hundred Thirty Thousand Eight Hundred One and Forty-Six Hundredths ($2,230,801.46) Dollars. The Judgment was later vacated due to a technicality; though a hearing to reinstate the Judgment was scheduled for September 10, 2021. Due to the Defendant's bankruptcy filing, the hearing was passed.

26. On November 8, 2017, a deposition of Defendant was taken at the office of his attorney, Robert Harvey, wherein Defendant admitted that after closing the bank account of Plaintiff, he commingled the revenue of Plaintiff with those of other entities which he controlled and with the revenue of other properties owned by or controlled by Defendant. Defendant further admitted that he did not keep records of the funds of Plaintiff which were merged into his personal account.

27. Defendant further stated in his deposition that he considered all assets of Plaintiff to "be mine".

28. The Defendant has never provided an accounting of the funds to the Plaintiff.

29. The Defendant, upon information and belief, took over a nail salon that rented space at the Property. All revenue from the nail shop was converted for his own purposes. The Plaintiff has received no rent proceeds from the nail shop.

30. The Defendant listed the nail salon on the property for sale or lease on Craig's List without permission from Jaber, the 50% co-owner of Plaintiff.

31. The Defendant failed to pay the utility bills for the Property on multiple occasions which resulted in a cessation of utility services on many occasions. The Defendant, upon information and belief, was collecting rent from certain tenants which includes their portion of the utility services.

32. The Defendant failed to maintain the Property which resulted in a lawsuit by one of the tenants against the Plaintiff.

33. A restaurant that occupied space in the Property as a tenant was forced to close and had its business interrupted as a result of the Defendant's failure to adequately address certain physical conditions of the Property.

34. The Defendant failed to timely pay the property taxes due on the Property for years 2020, 2021 and 2022.

35. The Defendant further failed to pay the amounts due under the Lease to the Property owner, Ngo.

36. Ngo filed a suit to evict Plaintiff for the failure to pay the amounts due under the Lease based on an alleged default by the Plaintiff in the amount of $45,083.27 at a time when Defendant was solely administering the property. Said default was only cured on April 4, 2019, when Jaber used his personal funds to cure the default. A second default has since occurred for which Ngo claims over $200,000 is due in unpaid rents as a result of funds diverted by Defendant. Said suit is still pending and is set for trial on March 31, 2022, in the Civil District Court of Orleans Parish, State of Louisiana, Case No. 2017-972, Division F, Section 14.

37. Jaber gave the Defendant $15,000 to complete emergency repairs on the air conditioning system at the Property. In Defendant's deposition, Defendant admitted to diverting those funds for his own personal use.

38. In his deposition, the Defendant admitted to obtaining multiple short term rental agreements for units located on the Property and failed to deposit the rents to the Account of the Plaintiff, but rather diverted the rents to one of his personal accounts.

39. The Defendant allowed Jose Juan Aguilar a/k/a Gilbert Riveras ("Riveras"), his personal representative, to pose as manager of the Property. Riveras was given the debit card belonging to the Plaintiff, along with its PIN, and had access to the funds of the Plaintiff that were commingled with other revenue collected by Defendant from his other personal interests. Riveras has failed to provide an accounting to the Plaintiff for any funds he may have used or removed from the Account of the Plaintiff. In his deposition, the Defendant admitted that he allowed

Riveras to take whatever Riveras wanted of the funds deposited into the accounts of Defendant which contained the merged funds belonging to Plaintiff and other entities.

40. The Defendant, upon information and belief, instructed tenants to write checks for the rent and utility payments to him personally or to Riveras rather than to the Plaintiff.

41. The Defendant also permitted his friends and acquaintances to reside at the Property without paying any rent or other benefit to the Plaintiff.

42. As a result of the aforementioned actions, the Plaintiff was left subject to an ongoing suit by Ngo, the owner of the property, for failure to pay the amounts due under the Lease.

43. Further, as a result of the aforementioned actions, the Plaintiff was left subject to suit by the tenant of the property who operated a restaurant on the Property.

44. The aforementioned actions of the Defendant have left the Property in disrepair and resulted in a significant loss of value.

45. Further evidence of fraud by Defendant exists in the following additional actions:

   a. Defendant's attempt to list and sell the Property through Latter & Blum, Inc., without the knowledge and consent of Jaber;

   b. Defendant's attempt to sell the Property through the claimed transfer of Plaintiff to Riverbend Holdings, LLC;

   c. Defendant's operation of an AirBnB in his own name through a license from the City of New Orleans without the knowledge or consent of Jaber and without any of the revenue devolving to the Plaintiff;

   d. Defendant's purchase of the nail salon, a tenant at the Property, and the conversion of its revenues; and,

    e. Defendant's conversion of rents of Pho Bistreaux Restaurant and all remaining residential units at the Property.

46. The Plaintiff has suffered damages estimated in the amount of $4,118,652.02 as a result of the willful and fraudulent conduct of the Defendant and the willful violations of the fiduciary obligations the Defendant owed to the Plaintiff. Damages are as follows:

- Total lost or misappropriated rental revenues through January 1, 2022 -- $1,858,400
- Lost property value as a result of failure to maintain the Property -- $1,000,000
- Unpaid water bills through December 2019 -- $10,784.19
- Unpaid rent to Ngo and NSF checks issued by Defendant to Ngo for the periods of October 2018 through April 2019 and May 2019 through January 2022[2] -- $248,133.83
- Capital One Credit Card Charge Off Fee through December 2019 -- $1,334
- Attorney's Fees through July 2021 – approximately $1 million in paid and/or accrued attorney's fees resulting from the fraud, breach of fiduciary duty and embezzlement of the Defendant.
- TOTAL -- $4,118,652.02

### **FIRST COUNT - §523(A)(4)**

47. Paragraphs 13-46 are repeated herein as if copied in extenso.

48. Defendant is guilty of fraud or defalcation while acting in a fiduciary capacity and embezzlement.

49. The allegations contained herein are based on the enumerated exceptions to dischargeability contained in §523(a)(4).

---

[2] Damage claim is still accruing at $6,345.33 per month, not including late fees, interest, property tax and insurance.

50. In addition, pursuant to La. R.S. 12:1314, Defendant, as a member and manager of the Plaintiff, is deemed to stand in a fiduciary relationship to the limited liability company and its members and shall discharge his duties in good faith, with the diligence, care, judgment, and skill which an ordinary prudent person in a like position would exercise under similar circumstances. In connection with Defendant's activities cited hereinabove, Defendant breached this fiduciary duty and is guilty of fraud or defalcation while acting in a fiduciary capacity and embezzlement.

## **SECOND COUNT - §523(A)(6)**

51. Paragraphs 13-50 are repeated herein as if copied in extenso.

52. The allegations contained herein are also based upon the enumerated exception to dischargeability contained in §523(a)(6).

53. The actions of the Defendant referenced hereinabove support the assertions that the Defendant acted willfully, intentionally and maliciously to misappropriate the funds of the Plaintiff and cause irreparable harm and financial injury to the Plaintiff.

WHEREFORE, Plaintiff prays that this Court enter a judgment (i) against Defendant in the amount of $4,118,652.02; (ii) determining that the debt of Defendant, Gerard McGovern, to Plaintiff is nondischargeable pursuant to 11 U.S.C. §523(a)(4) and/or §523(a)(6); and, (iii) for any and all other relief as this Court may deem just and proper.

Respectfully submitted,

/s/ William E. Steffes
William E. Steffes, LA Bar No. 12426
THE STEFFES FIRM, LLC
13702 Coursey Blvd., Bldg. 3
Baton Rouge, LA 70817
Telephone: (225) 751-1751
Facsimile: (225) 751-1998
Email: bsteffes@steffeslaw.com

        And

        ERIC OLIVER PERSON, BAR NO. 10530
        1539 Jackson Avenue, Suite 100
        New Orleans, Louisiana 70130
        Telephone: (504) 782-7401
        Facsimile: (504) 561-8612
        E-mail: eric@eoplaw.net
        TRIAL ATTORNEY

        And

        MICHAEL G. BAGNERIS, LSBA #2658
        Bagneris, Pieksen and Associates, LLC
        935 Gravier Street, Suite 2110
        New Orleans, Louisiana 70112
        Telephone: (504) 493-7990
        Facsimile: (504) 493-7991
        E-mail: bagneris@bpajustice.com
        CO-COUNSEL

        *Attorneys for Carrollton & Oak, LLC*

**PLEASE SERVE:**

**Gerard McGovern**
2718 State Street
New Orleans, Louisiana 70118

and

Jonathan R. DeTrinis
DeT Law Firm, LLC
4000 Bienville Street, Suite C
New Orleans, Louisiana 70119

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE:** | **CASE NO.: 21-10064** |
| **BAYOU BYWATER LIVING, LLC** | **Jointly Administered with** |
| **WEBSTER STREET HOLDINGS, LLC** | **CASE NO.: 21-10065** |
| **RELDS, LLC** | **CASE NO.: 21-10204** |
| **SOUTH CLAIBORNE HOLDINGS, LLC** | **CASE NO.: 21-10205** |
| **GERARD McGOVERN** | **CASE NO.: 21-11033** |
| **DEBTORS** | **SECTION "A"** |
| | **CHAPTER 7** |

---

**CARROLLTON & OAK, LLC**

    Plaintiff

**VS**　　　　　　　　　　　　　　　　　　　　　　　**ADVERSARY NO.:**

**GERARD MCGOVERN**

    Defendant

---

## **VERIFICATION**

**STATE OF LOUISIANA**
**PARISH OF _____**

    **BEFORE ME**, the undersigned Notary Public, duly commissioned and qualified in and for the Parish of _____, State of Louisiana, personal came and appeared NIDAL JABER, who after first being duly sworn, declared as follows:

1. that he is a manager and member of Carrollton & Oak, LLC, plaintiff in the above captioned adversary proceeding;

2. that he has read the allegations contained in the above and foregoing *Complaint for Determination of Dischargeability of Debt Pursuant to 523 of the Bankruptcy Code and for Entry of Money Judgment,* and they are true and correct, to the best of his knowledge, information, and belief.

CARROLLTON & OAK, LLC

_____
By: Nidal Jaber, Manager

SWORN TO AND SUBSCRIBED before me, at _____, Louisiana, on this \_\_\_ day of January, 2022.

_____
NOTARY PUBLIC
Name: _____
Number: _____
My Commission Expires: _____