UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 21-10064 |
| | * | Jointly Administered with |
| BAYOU BYWATER LIVING, LLC; | * | CASE NO. 21-10065 |
| WEBSTER STREET HOLDING, LLC; | * | CASE NO. 21-10204 |
| RELDS, LLC; AND | * | CASE NO. 21-10205 |
| SOUTH CLAIBORNE HOLDINGS, LLC, | * | CASE NO. 21-11033 |
| GERARD MCGOVERN | * | |
| | * | SECTION "A" |
| DEBTORS | * | |
| | * | CHAPTER 7 |
| | * | |

*****************************************************************************

| | | |
|---|---|---|
| | * | |
| CARROLTON & OAK, LLC | * | |
| Plaintiff/Creditor | * | ADV CASE #: 22-01004 |
| | * | |
| vs. | * | |
| | * | |
| GERARD MCGOVERN | * | |
| Defendant/Debtor | * | |
| | * | |

*****************************************************************************

### ANSWER AND DEFENSES TO COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBT PURSUANT TO §523 OF THE BANKRUPTCY CODE AND FOR ENTRY OF MONEY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes defendant/debtor, Gerard McGovern (hereinafter referred to as "Debtor"), who, reserving his rights to supplement these responses, answers the "Complaint for Determination of Dischargeability of Debt Pursuant to §523 of the Bankruptcy Code and for Entry of Money Judgment" (hereinafter referred to as "Complaint") that was filed by plaintiff, Carrolton & Oak, LLC (hereinafter referred to as "LLC"), by averring as follows:

1.

Debtor admits the allegations contained in paragraph "1" of the Complaint.

2.

Debtor admits the allegations contained in paragraph "2" of the Complaint.

3.

Debtor admits the allegations contained in paragraph "3" of the Complaint.

4.

Debtor admits the allegations contained in paragraph "4" of the Complaint.

5.

Debtor admits the allegations contained in paragraph "5" of the Complaint.

6.

Debtor denies the allegations contained in paragraph "6" of the Complaint. Debtor denies that LLC is a creditor of Debtor, as Debtor disputes that he owes LLC any of the alleged debt listed in the Complaint.

7.

Debtor denies the allegations contained in paragraph "7" of the Complaint other than to admit that he is a Debtor in the Chapter 7 bankruptcy case, case #21-11033, which was filed in United States Bankruptcy Court for Eastern District of Louisiana.

8.

Debtor admits the allegations contained in paragraph "8" of the Complaint.

9.

Debtor admits the allegations contained in paragraph "9" of the Complaint.

10.

Debtor admits that his personal bankruptcy case (case#21-11033) was consolidated by this Court with the above-captioned four (4) business bankruptcy cases solely for the purposes of procedural consolidation and joint administration.

11.

Debtor admits that he listed an alleged debt owed to LLC on his bankruptcy schedules out of an abundance of caution and that he listed the alleged debt as "disputed".

12.

Debtor admits the allegations contained in paragraph "12" of the Complaint.

13.

Debtor admits the allegations contained in paragraph "13" of the Complaint.

14.

Debtor admits the allegations contained in paragraph "14" of the Complaint.

15.

Debtor denies that the Lease allowed LLC to operate the Property in the same manner and with the same rights as owner, but Debtor admits that LLC would not become title owner until it exercised the Lease's option to purchase.

16.

Debtor admits the allegations contained in paragraph "16" of the Complaint.

17.

Debtor denies the allegations contained in paragraph "17" of the Complaint. Specifically, Debtor denies that the Property had 8 tenants when the Lease was acquired; and Debtor denies that the Lease/Property had been valued at $2,400,000.

18.

Debtor denies the allegations contained in paragraph "18" of the Complaint.

19.

Debtor denies that the parties made any agreement for him to manage the property. Debtor admits that, after Jaber abandoned the property and all responsibilities, he attempted to protect the LLC by hiring individuals to help perform its Lease obligations. Additionally, Debtor denies that Jaber provided any help to the LLC and denies receiving any offers from Jaber to take over its management. Debtor admits that Jaber abandoned the LLC, neglected its responsibilities and obligations, and refused to provide any services, resources, or financial assistance towards the LLC. While Jaber blatantly intentionally ignored his own fiduciary duties of the LLC, Debtor attempted to perform work and make decisions in the best interest of the LLC by protecting the interest of the Lease agreement..

20.

Debtor admits that, after Jaber abandoned the LLC and property, he attempted to maintain the responsibilities of the LLC by covering operating costs, repairs, and other issues that arose. Following Jaber's abandonment, Debtor attempted to request and coerce assistance and contributions from Jaber, who blatantly ignored all requests and responsibilities.

21.

Debtor denies that he was specifically responsible for any duties as manager since no such agreements existed between Debtor and Jaber or LLC. The only contractual agreement held by LLC was Lease agreement. After Jaber abandoned the LLC, Debtor attempted to

maintain the LLC's responsibilities and obligations under the Lease agreement. Specifically, Debtor covered the operating costs of LLC and sought ways to increase revenue for the purpose of covering the LLC's Lease obligations. Debtor admits that no operating agreement existed that delineated any management responsibilities to Debtor and that Jaber refused to offer any assistance or contributions to LLC after his abandonment.

22.

Debtor acted in the best interest of the LLC in maximizing in order to cover its operating costs and Lease obligations. Defendant further admits that Jaber refused to contribute any cash/capital contributions to LLC or perform any work on behalf of LLC.

23.

Debtor denies the allegations contained in paragraph "23" of the Complaint other than to admit that he deposited rental proceeds from LLC in personal accounts to help cover overhead and to act as reimbursement for 50% of the expenses and investment made by Debtor to LLC.

24.

Debtor denies the allegations contained in paragraph "24" of the Complaint.

25.

Debtor denies the allegations contained in paragraph "25" of the Complaint other than to admit that the filings named in paragraph 25 procedurally occurred on the dates listed. Debtor does not admit to the characterizations and opinions surrounding the filings.

26.

Debtor admits the allegations contained in paragraph "26" of the Complaint but denied that he admitted to not keeping records of the funds of the LLC. Debtor kept records of the revenue received that he received on behalf of the LLC and the expenses that the LLC incurred and that he paid on behalf of the LLC. The records kept by Debtor proves that LLC has presented a highly egregious and overly inflated proof of claim and adversary proceeding for damages. LLC is attempting to utilize the bankruptcy proceedings to shakedown the estates of surplus funds that should be owed to Debtor.

27.

Debtor admits that he made the statement in the deposition but it has been taken out of context. Debtor was defending his decisions and actions in trying to protect the best interest of LLC, which was the Lease agreement. Since Jaber had abandoned the LLC and refused to

provide any reimbursement for expenses and overhead incurred by Debtor, Debtor made statements that revealed his feelings of frustration and bewilderment towards his business partner who had provided no interest in assisting Debtor with protecting the LLC's best interest. So, after paying the obligations of LLC, Debtor considered any net profit of the business to credit as a 50% reimbursement towards the financial loss he had personally incurred.

28.

Debtor denies the allegations contained in paragraph "28" of the Complaint.

29.

Debtor admits the allegations contained in paragraph "29" of the Complaint but denies that LLC received no financial benefit from nail salon.

30.

Debtor admits the allegations contained in paragraph "30" of the Complaint and avers that he did not need Jaber's permission.

31.

Debtor denies the first sentence of allegations contained in paragraph "28" of the Complaint and admits the second sentence of allegations.

32.

Debtor denies the allegations contained in paragraph "32" of the Complaint..

33.

Debtor denies the allegations contained in paragraph "33" of the Complaint and admits that any claim of failure by Debtor matches his claim for the same failure by Jaber.

34.

Debtor denies the allegations contained in paragraph "34" of the Complaint and admits that any claim of failure by Debtor matches his claim for the same failure by Jaber.

35.

Debtor denies the allegations contained in paragraph "35" of the Complaint and admits that any claim of failure by Debtor matches his claim for the same failure by Jaber.

36.

Debtor denies the allegations contained in paragraph "36" of the Complaint and admits that any claim of failure by Debtor matches his claim for the same failure by Jaber.

37.

Debtor denies the allegations contained in paragraph "37" of the Complaint.

38.

Debtor denies the allegations contained in paragraph "38" of the Complaint.

39.

Debtor denies the allegations contained in paragraph "39" of the Complaint.

40.

Debtor admits the allegations contained in paragraph "40" of the Complaint.

41.

Debtor denies the allegations contained in paragraph "41" of the Complaint.

42.

Debtor denies the allegations contained in paragraph "42" of the Complaint.

43.

Debtor denies the allegations contained in paragraph "43" of the Complaint.

44.

Debtor denies the allegations contained in paragraph "44" of the Complaint.

45.

Debtor denies the allegations contained in paragraph "45" of the Complaint.

46.

Debtor denies the allegations contained in paragraph "46" of the Complaint. Further, LLC has presented a highly egregious, unreasonable, frivolous, and overly inflated proof of claim and adversary proceeding for damages. LLC is attempting to utilize the bankruptcy proceedings and precarious financial position of Debtor to bully Debtor and shakedown the estates of any possible surplus funds that should be returned to Debtor following the liquidation of over fifteen of his properties and five bankruptcy cases.

47.

Debtor denies the allegations contained in paragraph "47" of the Complaint.

48.

Debtor denies the allegations contained in paragraph "48" of the Complaint.

49.

Debtor denies the allegations contained in paragraph "49" of the Complaint.

50.

Debtor denies the allegations contained in paragraph "50" of the Complaint.

51.

Debtor denies the allegations contained in paragraph "51" of the Complaint.

52.

Debtor denies the allegations contained in paragraph "52" of the Complaint.

53.

Debtor denies the allegations contained in paragraph "53" of the Complaint.

## **AFFIRMATIVE DEFENSES**

**AND NOW FURTHER ANSWERING,** Debtor respectfully avers:

1.

Plaintiff has failed to mitigate its damages and any recovery should be reduced.

2.

Any damages allegedly sustained by Plaintiff were caused by the fault of third parties for whom they are not liable.

3.

Any damages allegedly sustained by Plaintiff were solely, or in part, due to the Plaintiff's voluntary assumption of known risks, dangers, or hazards, all of which were plainly observable, obvious, and well known to Plaintiff; and, therefore, Plaintiff is estopped from claiming any right of recovery against Debtor.

4.

Any damages allegedly sustained by Plaintiff should be covered by third parties and not Debtor.

5.

Plaintiff waived its rights to proceed in this matter.

6.

Debtor is entitled to a credit for any value received by Plaintiff from any payment which has been made or may in the future be made by any parties or non-parties. Additionally, Plaintiff

has no cause or right of action for any amounts which have been received or will be received in the future from any parties or non-parties.

7.

Plaintiff's claims are barred due to prescription/statute of limitations.

8.

Plaintiff has no causes of action against Debtor.

9.

Plaintiff has no right to bring the action against Debtor.

10.

Plaintiff has failed to state a claim for which relief can be granted and fails to state facts sufficient to constitute a cause of action against Debtor, under Federal Rules of Civil Procedure 12(b)(6).

11.

Plaintiff is barred, under *res judicata,* from re-litigating any claims that have already been litigated in other Courts.

12.

Debtor is entitled to a 50% reimbursement/credit for any damages incurred by LLC due to his 50% ownership interest in LLC.

13.

Debtor acted in best interest of LLC, in good faith, and protected the Lease agreement to secure the option to purchase the property. Any and all lawsuits pursued by third parties against Debtor for his connection to LLC have been vehemently defended and succeeded in overall objective of protecting LLC interest in lease.

14.

Debtor did not need any authorization or permission from Jaber to act in best interest of LLC.

15.

LLC benefitted from the actions of Debtor following the abandonment of Jaber and refusal to assist Debtor with maintaining LLC obligations. Jaber had full knowledge and information regarding any issues of LLC and breached their own fiduciary duty.

16.

Debtor did not commit fraud by attempting to meet the obligations of the LLC. Debtor acted in good faith and with the best interest of LLC.

17.

Plaintiff is prevented from pursuing its claims against Debtor that should have been raised in its original actions against Debtor.

18.

Debtor specifically avers any and all affirmative defenses specifically enumerated in Louisiana Code of Procedure Article 1005 and/or any and all other affirmative defenses recognized by jurisprudence, are pled herein, as if copied herein "*in extenso*".

19.

Plaintiff does not have a right to attorney fees.

20.

Plaintiff has no standing to pursue damages for loss in property value. Plaintiff's sole interest in property was through its lease rights. Plaintiff does not have a right to claim damages as a result of a property that it does not own.

21.

The attorneys representing LLC have represented the interest of Jaber at all times. Plaintiff does not have standing or a right to pursue claims for attorney fees that relate to work by counsel performed in their representation of Jaber's interests.

22.

Any disrepair of property pre-existed the Lease with LLC and was not caused by Debtor's actions or failures to act. In fact, Debtor was only member of LLC that performed repairs on property in order to protect the LLC's best interest.

23.

Debtor had no operating agreement with Jaber or LLC. There were no requirements for him to seek authorization from Jaber for any action that he took. Once Jaber abandoned and neglected LLC, Debtor lost trust that his business partner would be honest in any additional financial dealings so he made good faith decisions that were in best interest of LLC.

24.

Debtor's actions did not cause injuries or damages to Plaintiff.

WHEREFORE, Defendant/Debtor, Gerard McGovern, prays that this answer be deemed good and sufficient and that there is judgment herein in their favor and against Debtor dismissing with prejudice all claims of the Plaintiff, at Plaintiff's costs, for attorney's fees, and all other relief this honorable Court may deem reasonable.

                                                     Respectfully Submitted:

                                                     */s/ Jonathan R. DeTrinis*
                                                     Jonathan R. DeTrinis #33536
                                                     **DeT Law Firm, LLC**
                                                     4000 Bienville Street, Suite C-1
                                                     New Orleans, Louisiana 70119
                                                     Ph: (504) 722-9711
                                                     Fx: (504) 327-5309
                                                     Jon@DeTlawfirm.com
                                                     Attorney for the Debtor

## CERTIFICATE OF SERVICE

     **I HEREBY CERTIFY** that a copy of the above pleadings has been served on all counsel of record, or unrepresented parties, this 24th day of February 2022, via US mail, facsimile, and/or electronic delivery.

                                       */s/ Jonathan R. DeTrinis*
                                         Jonathan R. DeTrinis