**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:

| | |
|---|---|
| **BAYOU BYWATER LIVING, LLC** | **CASE NO.: 21-10064** |
| **WEBSTER STREET HOLDINGS, LLC** | **Jointly Administered with** |
| **RELDS, LLC** | **CASE NO.: 21-10065** |
| **SOUTH CLAIBORNE HOLDINGS, LLC** | **CASE NO.: 21-10204** |
| **GERARD McGOVERN** | **CASE NO.: 21-10205** |
| | **CASE NO.: 21-11033** |
| **DEBTORS** | **SECTION "A"** |
| | **CHAPTER 7** |

**CARROLLTON & OAK, LLC**

    Plaintiff

**VS**              **ADVERSARY NO.:22-1004**

**GERARD MCGOVERN**

    Defendant

**MOTION IN LIMINE AND INCORPORATE MEMORANDUM TO PROHIBIT CERTAIN WITNESSES FROM TESTIFYING AT TRIAL**

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Carrollton & Oak, LLC, who moves, in limine, to prohibit the Defendant, Gerard McGovern, from eliciting testimony at trial of certain parties listed on Defendant's witness list contained in the Pretrial Order [Doc. 13] on the following grounds:

1.

Although there is no express provision for a motion in limine in either the Federal Rules of Procedure or the Federal Rules of Evidence, motions in limine are routinely entertained in certain circumstances by federal courts. The Supreme Court has recognized the practice and noted

that it "has developed pursuant to the district court's inherent authority to manage the course of trials."[1] Its purpose has variously been described as "to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial,"[2] and "to allow the Court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial."[3] Courts previously recognized an understanding that motions in limine serve the purpose of addressing threshold evidentiary concerns before trial begins.[4]

2.

The Scheduling Order [Doc. 7] entered in the record of this case on March 24, 2022, required that "Counsel for the parties shall file into the record and serve upon their opponents a list of all witnesses who may be or will be called to testify at trial, and a list of all exhibits that may or will be used not later than Tuesday, September 13, 2022."

3.

The Pretrial Notice attached as Exhibit A to the Scheduling Order required, in pertinent part, that "[f]or each party, a list of fact and expert witnesses who will be and may be called to testify at trial, including each witness's name, address, and a statement of the general subject matter of their testimony (i.e., please list more of a description than merely "fact," "medical," or "expert")."

---

[1] *Luce v. United States,* 469 U.S. 38, 41 n.4 (1984).
[2] *Palmieri v. Defaria*, 88 F.3d 136, 141 (2nd Cir. 1996) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F.Supp. 1400, 1401 (D. Md. 1987)).
[3] See *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997) ("The motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings.").
[4] *Painter v. Suire*, No. 12-CV-00511-SDD-SCR, 2014 WL 4925522, at *1 (M.D. La. Sept. 30, 2014), aff'd in part, 650 F. App'x 219 (5th Cir. 2016).

4.

Defendant failed to comply with the requirements of the Scheduling Order to the prejudice of Plaintiff in the following respects as to certain persons listed as Defendant's Witnesses in the Pretrial Order; accordingly, said persons should be prohibited from testifying at trial.

5.

Elliot Workman and David Brewer should be prohibited from testifying because these individuals were not listed on the defendant's original witness list [Doc. 10] ("the Witness List") that was filed with the court on September 13, 2022. The Plaintiff was only made aware of their presence on the witness list the day before the pretrial conference. In addition, the contact information on these individuals was not provided. Also, the subject matter of testimony was not provided making it virtually impossible for Plaintiff's counsel to prepare to examine or cross examine them at trial.

6.

Tim Hand or the representative of Tim Hand Law Firm should be prohibited from testifying also because the subject matter of testimony was not provided making it virtually impossible for Plaintiff's counsel to prepare to examine or cross exam him at trial. Furthermore, the Tim Hand Law Firm formerly represented the Plaintiff, Carrollton & Oak, LLC. Plaintiff has not and will not waive its attorney-client privilege as to Tim Hand or the Tim Hand Law Firm such that they may not testify about any matters concerning their representation of Plaintiff.

7.

Robert Harvey should also be prohibited from testifying because the subject matter of testimony was not provided making it virtually impossible for Plaintiff's counsel to prepare to examine or cross examine him at trial. In addition, Robert Harvey has claimed to have formerly

represented the Plaintiff, Carrollton & Oak, LLC. Plaintiff has not and will not waive its attorney-client privilege as to Robert Harvey such that he may not testify about any matters concerning his claimed former representation of Plaintiff.

8.

Maghbul Rahmen, Susan Wimsatt, Vincent Randazzo, Jose Martinez, Fernando Banegas, Randall Harduin, Tracey Yeager, Omar Hamdan, Marilyn Alexander and Jadalleh Saed should all be prohibited from testifying because contact information was not provided for any of them. Moreover, again the subject matter of the testimony was not provided making it virtually impossible for Plaintiff's counsel to prepare to examine or cross examine these proposed witnesses at trial.

**WHEREFORE**, Plaintiff, Carrollton & Oak, LLC, prays that the Court grant this Motion and prohibit the Defendant from eliciting testimony at trial from Elliott Workman, David Brewer, Tim Hand or another representative of the Tim Hand Law Firm, Robert Harvey, Maghbul Rahmen, Susan Wimsatt, Vincent Randazzo, Jose Martinez, Fernando Banegas, Randall Harduin, Tracey Yeager, Omar Hamdan, Marilyn Alexander and Jadalleh Saed; and, for any and all other relief to which Plaintiff may be entitled.

Respectfully submitted by:

/s/ William E. Steffes
William E. Steffes, LA Bar No. 12426
THE STEFFES FIRM, LLC
13702 Coursey Blvd., Bldg. 3
Baton Rouge, LA 70817
Telephone: (225) 751-1751
Facsimile: (225) 751-1998
Email: bsteffes@steffeslaw.com

And

/s/ Eric Oliver Person
ERIC OLIVER PERSON, BAR NO. 10530
1539 Jackson Avenue, Suite 100
New Orleans, Louisiana 70130
Telephone: (504) 782-7401
Facsimile: (504) 561-8612
E-mail: eric@eoplaw.net
TRIAL ATTORNEY

And

/s/ Michael G. Bagneris
MICHAEL G. BAGNERIS, LSBA #2658
Bagneris, Pieksen and Associates, LLC
935 Gravier Street, Suite 2110
New Orleans, Louisiana 70112
Telephone: (504) 493-7990
Facsimile: (504) 493-7991
E-mail: bagneris@bpajustice.com
CO-COUNSEL

*Attorneys for Carrollton & Oak, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing *Motion in Limine* has been served upon defendant, Gerard McGovern, through his counsel of record, Jonathan DeTrinis, via e-mail to jon@detlawfirm.com.

Baton Rouge, Louisiana, October 11, 2022.

/s/ Samantha J. Chassaing
Samantha J. Chassaing