# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF LOUISIANA

IN RE:

| | |
|---|---|
| BAYOU BYWATER LIVING, LLC | CASE NO.: 21-10064<br>Jointly Administered with |
| WEBSTER STREET HOLDINGS, LLC | CASE NO.: 21-10065 |
| RELDS, LLC | CASE NO.: 21-10204 |
| SOUTH CLAIBORNE HOLDINGS, LLC | CASE NO.: 21-10205 |
| GERARD McGOVERN | CASE NO.: 21-11033 |
| DEBTORS | SECTION "A" |
| | CHAPTER 7 |

---

CARROLLTON & OAK, LLC

*Plaintiff &*

TOMMY NGO, 3ʳᴰ PARTY PLAINTIFF
[CAPTER 7 DEBTOR IN NO. 22-11179]

VS                              ADVERSARY NO.: 22-01004

GERARD McGOVERN

*Defendant*

---

### NGO'S OBJECTION TO CARROLLTON & OAK LLC'S PROOF OF CLAIM #2

**NOW COMES** Tommy Ngo, Chapter 7 Debtor herein, though undersigned counsel, who respectfully objects as a party in interest in # 22-1004 under Code §502: (a), to Claim #2 filed on

1

November 3, 2022 by Carrollton & Oak LLC (hereafter "C&O") as barred by claim preclusion under applicable *Res Judicata* law (Code: §502: (b)(1)

Section 502 – Allowance of claims or interests

> (a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, **unless a party in interest**, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, **objects**.
> (b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States **as of the date of the filing of the petition**, and shall allow such claim in such amount, except to the extent that—
> (1) such claim is **unenforceable against the debtor and property of the debtor, under** any agreement or **applicable law** for a reason other than because such claim is contingent or unmatured; [Emphasis supplied]

### OBJECTION #1: CLAIM PRECLUSION BARS C&O CLAIM AGAINST NGO FOR $6,455,889.19

1. *In Re: Gerard McGovern*, proceedings # 21-11033, C&O LLC filed proof of claim #13 on December 6, 2021, amended February 3, 2022, in the amended amount of $4,118,652.02. On January 14, 2022, in adversarial proceeding #22-1004, C&O filed substantially the same pleading, as a Complaint against the Estate of McGovern, alleging property damage and property management damages with respect to the 1200 S. Carrollton Ave. (property indisputably owned by Tommy Ngo) in the sum of **$4,118,652.02**, as follows:[1]

   $1,858,400.00 in "total lost rent";
   $1,000,000.00 in "lost property value";
   $10,784.19 in "cured water bills (defaults);
   $248,133.83 in "cured past due rents and NSF checks"
   $1,334.00 in "capital one account charge off fee"
   $1,000,000.00 in "attorney's fees" through July 2021

---

[1] #22-1004, R. Doc. 1, filed 1/14/2022; # 21-10064, R.Doc. 287, filed 1/14/2022; #21-11033, POC #13 and Amended POC #13, reduced to Consent Judgment rendered on November 22, 2022 [R.Doc.182].

2

**TOTAL $4,118,652.02**

2. C&O then filed Proof of Claim #2 in the instant proceeding on November 3, 2022, shown in the claims register of Case #22-11179 as Claim #2.[2], broken out as follows:

$4,948,875.00 Renovations & Necessary cost to repair the property
$1,062,501.00 Damages related to Short-Term rental loss of income
$427,000.00 Commercial & Residential loss of income
$17,513.19 Damages related to past due utility bills
**$6,455,889.19**

3. C&O has sought to weaponize comity by illegal claim-splitting against mutually exclusive defendants, first in federal court and then in state court[3]. Clearly, the two claims could not have peacefully coexisted in the state court proceedings, as one or the other would have fallen by operation of law. The later-filed claim #2 is barred by *Res Judicata*.

4. Significantly, Debtor McGovern and C&O have both omitted and withheld disclosure of *inter alia*, the key State Court Liability Judgment and pending state court proceedings from the record in this Court[4], disingenuously alleging the existence of only the damage judgment.

---

[2] See Exhibit: *Proof of Claim #2*, filed November 3, 2022 (5 pages *in globo*): C&O and McGovern mislead the Court by omitting therefrom the State Court Liability Judgment (**Exhibit "A"**). The Liability Judgment is pending review in the 4th Circuit Court of Appeals. (See No. 22-11179, R.Doc. 174). Instead, C&O and McGovern produce only the "Damage" Judgment in the principal amount of $6,455,889.19, both Liability and Damage Judgments signed May 23, 2022 by the Honorable Jennifer Medley in Civil District Court for the Parish of Orleans Case #2017-0972 Division "F".

[3] Civil District Court for Orleans Parish, #2017-0972 "F" in which McGovern was a party defendant (**See Exhibit "B", March 10, 2020 Reconventional Demand by Ngo against C&O and Gerard McGovern**).

[4] See especially Case #21-11033, Rec. Doc. 174, purporting to be the judgment in the state trial court, which McGovern exhibit omits the liability judgment, instead posting the damage judgment,

3

5. Both prior and subsequent claims by C&O alleged identical sets of property damages.[5]

6. As McGovern's counsel succinctly put it in opposition to C&O's Proof of Claim #13 (as Amended):

> *Jaber has pursued damages against Debtor's estate that are identical and duplicate to the damages that he pursued, and was awarded, from Tommy Ngo, in State Court litigation.*

7. Principles of *Res Judicata*, including issue and claim preclusion, bar and preclude re-litigation of an identical claim raised subsequently between the same parties arising out of the same transaction or occurrence as the prior claim.

8. The first filed claim, on January 14, 2022, for property damages as to 1200 S. Carrollton Ave, arising out of the 2014 Lease with Option to Purchase with Tommy Ngo, has been reduced to valid final judgment by this Court, on November 22, 2022, in # 21-11033 [R.Doc. 182]. Under the Code §502: (b), the instant objection is determined as of the date of filing of the petition in adversarial proceeding # 21-11033 or alternatively, in #22-1004.

9. The second filed claim, filed by C&O on November 3, 2022 in adversarial proceeding #22-11179, is determined by reference to the date of filing of the petition in # 22-11179, which date is clearly *after* the date of the prior *claim and petition* referred to in Para. 8 above.

---

and the Reasons for Judgment form both the Damage Judgment and the liability Judgment, without the actual Liability Judgment.

[5] Notably, neither claim alleged any degree of blame, fault, or causation of damages on McGovern in the state law claim against Ngo, nor conversely on Ngo in the federal claim against McGovern. The weaponization of comity by clam-splitting was effectuated as a fraud on the court, but nonetheless a clean and precise fraud.

4

10. Therefore, regardless of future appellate disposition on the merits of the two judgments rendered in state court,[6] the subsequent claim filed November 3, 2022 (See Fn 2, *supra*) against Ngo by C&O in this court, seeking to "double-dip" the same set of property damages C&O previously had filed against McGovern on January 14, 2022, arising on the same property, during the same time period, out of the same Lease with Option to Purchase, and executed by the same parties, is not allowable <u>in this court</u> under claim preclusion.

11. The dollar difference is of no moment. Landlord Ngo has no quibble as to the amount of damages to his property, either in the first or second claim, merely as to the wrong party being cast in the liability judgment. After all, the purchase price for 1200 South Carrollton Avenue agreed to in the April 24, 2014 NNN Lease with owner Tommy Ngo by Jaber, McGovern, and C&O, was merely $1,750,000.00.

**WHEREFORE,** *Tommy Ngo prays this objection be maintained, that C&O's Proof of Claim #2 herein be disallowed, and for attorney's fees and bad-faith sanctions as the court deems fitting and proper.*

### OBJECTION #2: OFFSET FOR $893,734.16

12. The unpaid Promissory Note dated April 24, 2014, executed by C&O LLC by and through its two equal then-co-members Jaber and McGovern, in the principal amount of $703,727.69, has Accrued $21,111.83, simple interest @ 3% per annum until paid. Unpaid

---

[6] See Stipulation by Counsel calling for no opposition to continuation of Fourth Circuit review of the state court judgment on liability. Case #22-11179 R. Doc. #33, filed February 6, 2023.

for 9 years, accrued interest due on the Note as of April 24, 2023, is $190,006.47. Principal plus accrued interest due is **$893,734.16**.[7]

13. The contractual relationship between Debtor Tommy Ngo (Landlord/'title owner of Property) and C&O LLC (Tenant/Property Manager) is governed solely, under applicable non-bankruptcy law, by that certain *Lease with Option to Purchase,* executed by C&O (through its then-co-members Nidal Jaber and Gerard McGovern) and Landlord Tommy Ngo on the 24th day of April, 2014. (**Exhibit C**). Paraphed *Ne Varietur* with the aforesaid Lease with Option to Purchase, rendering said Lease an authentic act such that it may embed an Option to Purchase immovable Property, was this certain Promissory Note in the principal amount of $703,727.69, made by C&O LLC, Jaber and McGovern to Tommy Ngo[8]. due April 24, 2019, five years from its execution (**Exhibit C, final page**).

14. Nidal Jaber purchased Gerard McGovern's 50% undivided interest in C&O LLC under terms approved by order of court on March 14, 2022, as further specified in the Agreement of Transfer of Assets.[9] *But for* approval of this transfer to an insider,[10] the state court proceedings (commenced March 31, 2022) would have been automatically stayed due to the March 9, 2020 Reconventional demand by Ngo against McGovern and C&O.

---

[7] **Exhibit "C"**: Promissory Note Dated April 24, 2014.
[8] Accruing $21,111.83 simple interest @ 3% *per annum* until paid. Unpaid for 9 years, accrued interest due on the Note as of April 24, 2023, is $190,006.47. Principal plus accrued interest due is **$893,734.16**.
[9] See # 22-10064, R.Doc. 344 and transcript attached as **Exhibit "D"**, if any dispute as to the sole liability of C&O LLC under the Transfer of Moveable, jurisdiction to resolve such dispute is vested in this Honorable Court (Case #22-10064, R.Doc. 344, Order filed March 14, 2022).
[10] B. Code §101: 31(A)(iii).

6

15. The Order approving transfer of moveable included both assets and liabilities, whether disclosed or not, resulting in C&O's liability on the unpaid note (**Exhibit "C"**), to Tommy Ngo under applicable non-bankruptcy law[11], in the full and true sum of **$893,734.16**, and disbursement of $622,463.09 as partial performance. Ngo's demand for payment on the Promissory Note and resulting termination of Lease, was made by Reconventional demand against C&O and McGovern on March 9, 2020, (see Exhibit attached to C&O's response).

## CONCLUSION AND PRAYER FOR RELIEF

16. Claim preclusion and *Res Judicata* bar enforcement by this Court of the C&O Claim #2 filed November 3, 2022 against Tommy Ngo in this proceeding, the objection to which is maintained under applicable res judicata law in B. Code §502: (b)(1), as identical to prior claim (#13 Amended) filed by C&O against McGovern (January 14, 2022). It is prayed that Claim #2 be disallowed with prejudice as *Res Judicata* in this Court.

17. Further, upon dismissal of C&O claim #2 in this proceeding, Tommy Ngo is then entitled to payment on the Promissory Note in the amount of $893,734.16. The two makers of the "Note", Jaber and McGovern, have both failed to disclose the Note's existence to this court, and thus enjoy no equities against its enforcement. Similarly, the Note was not admitted over C&O's objection in the underlying State Court proceedings.

---

[11] Under applicable non-bankruptcy State substantive law of Extinguishment of Obligations, performance under La. CC. Art. 1854 *et. seq.*, compensation (offset) under La. CC. Art. 1893 *eq. seq.*, imputation of payments La. CC. Art. 1864 *et. seq.*, and confusion La. CC. Art. 1903 *et. seq.*, or any combination thereof, govern. C&O's obligation for payment of the April 24, 2014 Promissory Note is senior to any adjustment between the C&O members (Jaber & McGovern, both solidarity liable under the note) purportedly confected in the settlement agreement between the two C&O members. [Case #21-11033 R.Doc. 182]. See also Ngo's Objection to Disbursement of $622,463.09 [Case # 21-10064 and #22-01004, filed April 5, 2023], corrected filing April 10, 2023.

18. If objection No. 1 is Granted, then party-in-interest Tommy Ngo prays for a money judgment Against C&O in the amount of $893,734.16, to be disbursed from surplus funds in the partial amount of $622,463.09 in the McGovern personal bankruptcy, after contradictory hearing, if necessary, by 3rd Party Plaintiff's modification or amendment to the two-party settlement agreement in Case # 22-1004 [R.Doc. 35] or in Case # 22-11033.

Respectfully submitted,

/s/ Justin Asher Zitler
Justin Asher Zitler (T.A.) Bar #18517
4819 Constance Street
New Orleans, La 70115
Phone: 504-782-5206
E-mail: jazitler@bellsouth.net

/s/Armando R. Baralt
Armando R. Baralt
911 Veterans Memorial Blvd, Suite 202
Metairie, LA 70005
(504) 913-0945
Email: MetairieLawyer@gmail.com

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF LOUISIANA

IN RE:

| | |
|---|---|
| BAYOU BYWATER LIVING, LLC | CASE NO.: 21-10064 |
| WEBSTER STREET HOLDINGS, LLC | Jointly Administered with |
| RELDS, LLC | CASE NO.: 21-10065 |
| SOUTH CLAIBORNE HOLDINGS, LLC | CASE NO.: 21-10204 |
| GERARD McGOVERN | CASE NO.: 21-10205 |
| | CASE NO.: 21-11033 |
| **DEBTORS** | SECTION "A" |
| | CHAPTER 7 |

---

**CARROLLTON & OAK, LLC**

*Plaintiff &*

**TOMMY NGO, 3RD PARTY PLAINTIFF**
**[CAPTER 7 DEBTOR IN NO. 22-11179]**

VS                                                        ADVERSARY NO.: 22-01004

**GERARD McGOVERN**

*Defendant*

---

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing Notice has been served upon all those entitled to receive notification via this Court's CM/ECF notification system, as shown below:

S. J. Beaulieu, Jr.
Ecf@ch13no.com

1

Elizabeth Crowell Price on behalf of Creditor Matrix Services Corp as serviced by Flagstar Bank, FSB
Bkcourtemails@creditorlawyers.com; and
Elizabeth.price@ms.creditorlawyers.com

William E. Steffes
Bsteffes@steffeslaw.com;
Schassaing@steffeslaw.com; and
akujawa@steffeslaw.com

Office of the U.S. Trustee
USTPRegion05.NR.ECF@usdoj.gov


New Orleans, Louisiana, April 10, 2023.

_____
Justin Asher Zitler (T.A.) Bar #18517
4819 Constance Street
New Orleans, La 70115
Phone: 504-782-5206
E-mail: jazitler@bellsouth.net

/s/Armando R. Baralt_____
Armando R. Baralt
911 Veterans Memorial Blvd, Suite 202
Metairie, LA 70005
(504) 913-0945
Email: MetairieLawyer@gmail.com

2